NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Case No. 03-3880

FILED
JAN 25 2005
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

1:01-cv-125

GARY GOLDMAN,

    Plaintiff-Appellee,

v.

THE EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES,

    Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF
OHIO

NOT RECOMMENDED FOR FULL-TEXT
PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court. This notice is to be prominently displayed if this decision is reproduced.

BEFORE: NELSON, SILER, AND BATCHELDER, CIRCUIT JUDGES.

    **ALICE M. BATCHELDER, Circuit Judge.** The Equitable Life Assurance Society of the United States ("Equitable Life") appeals the district court's grant of summary judgment and prejudgment interest in favor of the Plaintiff-Appellee Gary Goldman ("Goldman") on his claim of breach of insurance contract. Because Mr. Goldman is entitled to only the "initial amount" of $500,000 under the unambiguous language of the insurance contract, we REVERSE the judgment of the district court.

I.

    The parties do not dispute the essential facts of this case. In 1973, Burton D. Goldman purchased a life insurance policy from Equitable Life and named his son, Gary Goldman, as the sole beneficiary. This insurance policy, which is entitled a "Double Protector Policy," included a cover page, as required by Ohio law, describing the most important features of the policy. The top of the

cover page states "the face amount is equal to the Initial Amount shown on page three." Page Three lists the "initial amount" as $500,000. The cover page next states that on the policy anniversary nearest to the insured's 65th birthday "and on each of the succeeding four anniversaries the face amount will reduce, as shown in the Table of Face Amounts on page three, until it reaches 50% of the Initial Amount on and after the policy anniversary nearest the Insured's 69th birthday." Page Three contains a table setting out that annual incremental decrease of the face amount. The middle of the cover page details a "Level Face Amount Option," which provides that, upon turning age 60, the insured may pay an increased premium to avoid a reduction in the face amount of the policy. Page Four-D contains a provision that if the insured becomes totally disabled before his sixtieth birthday, the Level Face Amount Option is exercised automatically without the insured paying the additional premiums. At the extreme bottom of the cover page, four phrases and two sentences appear in fine print:

> Insurance Payable in Event of Death. Face Amount Is Reduced After Age 65. Initial Face Amount Is Double Face Amount After Age 69. Annual Dividends. Premiums Payable For Life. Level Face Amount Option.

The Level Face Amount Option on Goldman's policy was automatically exercised when Burton Goldman became completely disabled before his sixtieth birthday. Burton Goldman's disability meant that the face amount of the policy did not decrease when he turned age 65. Shortly after Burton Goldman's death in 1999 at age 72, Gary Goldman surrendered the policy to Equitable Life and claimed $1,000,000 based on the fine print at the bottom of the cover page which states "Initial Face Amount Is Double Face Amount After Age 69." When Equitable Life only paid him $500,000, Gary Goldman filed a diversity action in federal district court alleging, among other things, that by refusing to pay him $1,000,000, Equitable Life had breached the terms of the

insurance policy.

Each party moved for summary judgment on Goldman's claim for death benefits in the amount of $1,000,000. Relying on the statement at the bottom of the cover page that "Initial Face Amount is Double Face Amount After Age 69," the district court granted summary judgment in favor of Goldman. On May 28, 2003, the district court entered final judgment in favor of Goldman on his breach of contract claim in the amount of $500,000 plus prejudgment interest of $189,726.16. Equitable Life's timely appeal followed.

## II.

We review de novo the district court's order granting or denying a motion for summary judgment. *Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (6th Cir. 2003). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Because our jurisdiction in this case is premised on diversity of citizenship, we must apply state law "in accordance with the then controlling decision of the highest state court." *United States v. Anderson County, Tennessee*, 761 F.2d 1169, 1173 (6th Cir. 1985) (quoting *Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 543 (1941)). Both parties agree that Ohio's law controls here.

In Ohio, "[a]n insurance policy is a contract, and its construction is interpreted as a matter of law." *Penn Traffic Co. v. AIU Ins. Co.*, 790 N.E.2d 1199, 1202 (Ohio 2003) (citing *Alexander v. Buckeye Pipe Line Co.*, 374 N.E.2d 146 (Ohio 1978)). Courts in Ohio look first to the terms of an insurance policy and construe clear and unambiguous language accordingly. *See Burdett Oxygen Co. of Cleveland v. Employers Surplus Lines Ins. Co.*, 419 F.2d 247, 248 (6th Cir. 1969). We begin with the language of the insurance policy in determining whether Goldman is entitled to total death

benefits in the amount of $1,000,000.

Reading the words "Initial Face Amount Is Double Face Amount After Age 69" in isolation from the rest of the policy, the district court held that this language caused the "initial amount" of the policy to double in value after Burton Goldman turned age 69. But "[t]he meaning of a contract is to be gathered from a consideration of all its parts, and no provision is to be wholly disregarded as inconsistent with other provisions unless no other reasonable construction is possible." *Karabin v. State Auto. Mut. Ins. Co.*, 462 N.E.2d 403, 406-7 (Ohio 1984) (quoting *German Fire Ins. Co. v. Roost*, 45 N.E. 1097 (Ohio 1897)). After reviewing the policy in its entirety and considering the context in which these specific words appear, we conclude that the district court erred.

The words in fine print at the bottom of the cover page merely describe the provisions of the insurance policy and do not create contractual rights. For example, the words "Face Amount Is Reduced After Age 65" describe both the term, set out in full in the body of the cover page, providing for incremental decrease in the initial amount of the policy after the policy anniversary date nearest the insured's 65th birthday, and the table appearing on Page Three which details that annual incremental decrease. The words "Level Face Amount Option," which appear in the fine print, provide notice of the Level Face Amount Option set out in the body of the cover page and further developed on Page Four of the policy.

Like the other fine print phrases, the words "Initial Face Amount Is Double Face Amount After Age 69" do not create any rights or obligations under this insurance contract. This particular phrase summarizes the effect of the table on Page Three detailing the annual incremental decrease in the initial amount of the policy: the initial amount decreases incrementally from $500,000 before the insured's 65th birthday to $250,000 by the time the insured reaches age 69. Hence, as the fine

print language states, the initial face amount – $500,000 – is double the face amount after age 69 – $250,000. Inasmuch as the body of the policy contains no term or provision that would double the insured's coverage after he attains the age of 69, in order to adopt the district court's conclusion, we would have to read the words "Initial Face Amount Is Double Face Amount After Age 69" as creating an entirely independent and complete provision of the policy. But none of the other fine-print statements with which this one appears can be said to create terms or provisions of the policy, and we find no reason to conclude that this one does either.

The district court's observation that Equitable Life added the cover page to the policy to comply with OHIO REV. CODE § 3915.05(M) supports our conclusion that the cover page's fine print merely summarizes or describes the policy's terms and does not create contractual rights. This statute provides:

> No policy of life insurance shall be issued or delivered in this state or be issued by a life insurance company organized under the laws of this state unless such policy contains . . . A title on its face and back, correctly describing such policy.

OHIO REV. CODE § 3915.05(M). This statute's "obvious purpose is to enable the policyholder to ascertain the general terms and conditions of the policy from the title without being required to read and understand the entire policy." *Boyle v. Great-West Life Assur. Co.*, 499 N.E.2d 895, 898 (Ohio Ct. App. 1985). Equitable Life's name and address, the words "double protector policy," and the fine print language are the only words to appear on both the front and the back cover pages, indicating that Equitable Life intended the words "Initial Face Amount Is Double Face Amount After Age 69" to be descriptive of the substantive provisions of the contract.

In *Boyle*, the court held that "in case of conflict, the statutorily mandated title controls over conflicting provisions in the body of the policy, which are not statutorily mandated." 499 N.E.2d at

898. And in that case, because the language on the statutorily mandated cover page conflicted with the language in the actual provision in the policy, the court held that the language on the cover page governed the issue. Here, there is no contradiction or inconsistency between the words on the cover page – "Initial Face Amount Is Double Face Amount After Age 69" – and any provision in the body of the insurance policy. Goldman's reliance on *Boyle* is misplaced.

For the foregoing reasons, we **REVERSE** the district court's order granting summary judgment in favor of Mr. Goldman, and we **REMAND** the case to the district court with instructions to enter summary judgment in favor of Equitable Life.